IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Selective Insurance Company )
of South Carolina, )
 )
 Plaintiff, ) Case No. 1:12-CV-165
 )
 vs. )
 )
Reel In The Outdoors, Ltd., )
et al., )
 )
 Defendants. )

O R D E R

This matter is before the Court on Defendant Ewell E. Parker, Jr.'s motion to dismiss complaint for lack of personal jurisdiction (Doc. No. 5). For the reasons that follow, Defendant's motion to dismiss is well-taken and is **GRANTED.**

In 2011, Defendant Ewell Parker filed a copyright infringement suit against Defendant Reel In The Outdoors, Ltd. in the U.S. District Court for the Northern District of Texas. Complaint ¶ 9. The particulars of that suit are not important right now except that the Plaintiff in this case, Selective Insurance Company of South Carolina ("Selective"), issued liability and umbrella policies to Reel In the Outdoors and is providing a defense to the copyright action to Reel In The Outdoors under a reservation of rights. Id.

In February 2012, Selective filed a complaint with this Court for a declaratory judgment against Reel In The Outdoors. Specifically, Selective seeks a declaratory judgment that it does

not have a duty under the insurance policies to defend or indemnify Reel In the Outdoors in Parker's copyright infringement suit.  Selective named Parker as a defendant in this case purportedly to bind him, as a potential judgment creditor, to the Court's resolution of the coverage dispute between Selective and Reel In The Outdoors.  Id. ¶ 7.  The subject matter jurisdiction of the Court is predicated on diversity of citizenship in that the parties are all citizens of different states and the amount in controversy exceeds $75,000.

Ewell now moves to dismiss the declaratory judgment complaint against him due to lack of jurisdiction over the person.  In his affidavit, Ewell avers that he is a resident of the State of Nevada, that he has never lived or worked in Ohio, and that none of the subjects of his copyright infringement suit were ever created in Ohio.  Therefore, according to Ewell, he is not subject to personal jurisdiction under Ohio's long-arm statute, and moreover, that this Court's exercise of personal jurisdiction over him would violate due process.

In response, Selective makes no attempt to refute Ewell's evidence that he has no contacts whatever with Ohio, and that consequently, he is not subject to personal jurisdiction in Ohio.  Instead, Selective argues that Ewell, as a potential judgment creditor, is an indispensable party to the coverage dispute between it and Reel In The Outdoors.  See Estate of

Heintzelman v. Air Experts, Inc., 931 N.E.2d 548 (Ohio 2010). In Heintzelman, the Supreme Court of Ohio held that in order to bind a third party to a declaratory judgment action filed by an insurer against its insured, the third party must be joined as a party in the declaratory judgment action. Id. at 550. As an alternative to dismissing the complaint in the event the Court concludes that it lacks personal jurisdiction over Parker, Selective moves to transfer this case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a).

It is well-established that as the plaintiff, Selective bears the burden of proving personal jurisdiction over each of the defendants. Youn v. Track, Inc., 324 F.3d 409, 417 (6th Cir. 2003). Personal jurisdiction over a defendant exists only if it is authorized by the law of the forum state and it is otherwise consistent with the Due Process Clause of the Fourteenth Amendment. Id. In some states, the long-arm statute reaches the limits of the Due Process Clause and the trial court only needs to determine whether the assertion of personal jurisdiction comports with due process. Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd., 138 F.3d 624, 627 (6th Cir. 1998). In Ohio, however, the long-arm statute does not reach the limits of the Due Process Clause. Conn v. Zakharov, 667 F.3d 705, 712 (6th Cir. 2012). Therefore, in order to establish personal jurisdiction in Ohio, the plaintiff must show both that the

defendant meets one of the requisites for the long-arm statute and that the defendant has sufficient minimum contacts with Ohio to satisfy due process. Id.

The Ohio long-arm statute, Ohio Rev. Code § 2307.382, provides nine bases for asserting personal jurisdiction over an out-of-state defendant, but the Court need not list them here since Selective does not contend that any of them apply to Parker. Instead, Selective relies on Parker's status as an alleged indispensable party to its declaratory judgment complaint to establish personal jurisdiction. But characterizing a party as being indispensable does not solve the jurisdictional problem. A district court is required to have personal jurisdiction over indispensable parties too. PaineWebber, Inc. v. Cohen, 276 F.3d 197, 200-01 (6th Cir. 2001).

It is safe to say that Selective concedes that Parker is not subject to personal jurisdiction in Ohio. Therefore, Selective's complaint against Parker must be dismissed. Selective has moved the Court in the alternative to transfer this case to the Northern District of Texas pursuant to 28 U.S.C. § 1404(a). Since, however, the Court lacks personal jurisdiction over Parker, § 1404(a) does not authorize a transfer of this case to another judicial district. Pittock v. Otis Elevator Co., 8 F.3d 325, 329 (6th Cir. 1993).

In conclusion, for the reasons stated, Parker's motion to dismiss for lack of jurisdiction over the person is well-taken and is **GRANTED.** The complaint as to Parker is **DISMISSED WITHOUT PREJUDICE.** Intera Corp. v. Henderson, 428 F.3d 605, 620-21 (6th Cir. 2005).

**IT IS SO ORDERED**

Date May 29, 2012             s/Sandra S. Beckwith
                              Sandra S. Beckwith
                              Senior United States District Judge